1

2

3

4

5

6                        UNITED STATES DISTRICT COURT

7                        EASTERN DISTRICT OF CALIFORNIA

8
     PAUL C. HAMILTON,                      CASE NO.   1:10-cv-01925-LJO-MJS (PC)
9
10                  Plaintiff,              FINDINGS AND RECOMMENDATIONS
                                            DENYING PLAINTIFF'S OPPOSITION TO
11                                          DEFENDANTS' REMOVAL OF THIS
             v.                             MATTER
12                                          (ECF No. 6)

13   J.A. YATES, et. al.,                   OBJECTIONS DUE WITHIN FOURTEEN
                                            DAYS
14
                    Defendants.
15
                                       /
16

17         Plaintiff Paul C. Hamilton ("Plaintiff") is a state prisoner proceeding pro se in this civil

18   rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action in Kings County

19   Superior Court on July 14, 2008.  (Notice of Removal, ECF No. 2 at 1.)  Defendants were

20   served on or about February 26, 2009.  (Id. at 2.)  Defendants filed a Notice of Removal

21   on March 30, 2009 (1:09-cv-00579-LJO-SMS), but the action was later remanded back to

22   State Court.  (Id.)  While on remand, Defendants filed a demurrer, and in Plaintiff's

23   opposition, he stated that he was bringing a claim under the United States Constitution.

24   (Id.)  The Superior Court ultimately granted the Defendants' demurrer and estopped

25   Plaintiff from bringing claims under the United States Constitution.  (Id.)  On appeal, the

26   Fifth District Court of Appeal upheld the lower court's decision and found that Plaintiff was

27   basically asserting a claim under 42 U.S.C. § 1983.  (Id.)  The Fifth District Court Of

28   Appeal's decision became final on October 12, 2010.  (Id.)

1    Since it appeared that the State Court would now allow Plaintiff to make section

2 1983 claims, Defendants again filed a Notice of Removal on October 14, 2010.  (ECF No.

3 1.)  Plaintiff has since filed an Opposition to the Notice of Removal on October 25, 2010

4 (ECF No. 6) and Defendants filed a Response to Plaintiff's Objections (ECF No. 7).

5 Plaintiff's Opposition to the Notice of Removal is now before the Court.

6 **I.      REMOVAL TO FEDERAL COURT WAS PROPER**

7    Plaintiff filed an Opposition to the Notice of Removal, contending that removal of his

8 state law claims was improper, and that the removal should be denied as it previously had

9 been.  (Opp'n, ECF No. 6 at 4.)  Plaintiff filed his Complaint in California state court on July

10 14, 2008.  (Notice of Removal at 1)  A copy of the Complaint was served on Defendants

11 on February 26, 2009.  (Id. at 2.)  Defendants originally removed the case to federal court

12 on March 30, 2009, but it was later remanded back to state court.  (Id.)  After Defendants'

13 demurrer was granted and the decision was upheld on appeal, Defendants again removed

14 this case to federal court.  (Id.)

15    The Complaint and other documents filed in this reflect that subject matter

16 jurisdiction exists in federal court because Plaintiff alleges violation of his federal

17 constitutional rights.  28 U.S.C. §§ 1441, 1442.  A defendant may remove any civil action

18 brought in state court over which the federal court would have original jurisdiction.  28

19 U.S.C. § 1441(a).  That is, a civil action that could have originally been brought in federal

20 court may be removed from state to federal court.  A federal court has original jurisdiction

21 "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28

22 U.S.C. § 1331.

23    Plaintiff does not directly allege federal constitutional violations in his Complaint, but

24 in later documents filed in his action it is clear that his claims arise under and allege

25 violation of the federal constitution.  (Notice of Removal at 2.)  Thus, subject matter

26 jurisdiction is proper in federal court..  Plaintiff appears to be making claims under the

27 Equal Protection Clause of the Fourteenth Amendment, to allege inhumane prison

28 conditions in violation of the Eighth Amendment, and to claim retaliation in violation of the

1   First Amendment.  (Id. at Ex. A.) , Defendants removed the action from state court within

2   30 days of receiving notice that the case had become removable.  28 U.S.C. § 1446(b).

3   As this case was properly removed to federal court, Plaintiff's Opposition to Defendants'

4   Notice of Removal should be denied.

5   **V.       FINDINGS AND RECOMMENDATIONS**

6          Accordingly, the undersigned hereby RECOMMENDS that Plaintiff's Opposition to

7   Defendants' Notice of Removal (ECF No. 6.) be DENIED.

8          These Findings and Recommendations are submitted to the United States District

9   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Not

10  later than fourteen days of entry of this Order, any party may file written objections with the

11  court and serve a copy on all parties.  Such a document should be captioned "Objections

12  to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall

13  be served and filed within ten days after service of the objections.  The parties are advised

14  that failure to file objections within the specified time may waive the right to appeal the

15  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

16

17

18

19

20

21  IT IS SO ORDERED.

22  Dated:     January 16, 2012            /s/ *Michael J. Seng*
    ci4d6                                  UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28