# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL C. HAMILTON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>J.A. YATES, et. al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO.   1:10-cv-01925-LJO-MJS (PC)<br><br>FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S OPPOSITION TO DEFENDANTS' REMOVAL OF THIS MATTER<br><br>(ECF No. 6)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

　　　　Plaintiff Paul C. Hamilton ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action in Kings County Superior Court on July 14, 2008. (Notice of Removal, ECF No. 2 at 1.) Defendants were served on or about February 26, 2009. (Id. at 2.) Defendants filed a Notice of Removal on March 30, 2009 (1:09-cv-00579-LJO-SMS), but the action was later remanded back to State Court. (Id.) While on remand, Defendants filed a demurrer, and in Plaintiff's opposition, he stated that he was bringing a claim under the United States Constitution. (Id.) The Superior Court ultimately granted the Defendants' demurrer and estopped Plaintiff from bringing claims under the United States Constitution. (Id.) On appeal, the Fifth District Court of Appeal upheld the lower court's decision and found that Plaintiff was basically asserting a claim under 42 U.S.C. § 1983. (Id.) The Fifth District Court Of Appeal's decision became final on October 12, 2010. (Id.)

1 Since it appeared that the State Court would now allow Plaintiff to make section
2 1983 claims, Defendants again filed a Notice of Removal on October 14, 2010. (ECF No.
3 1.) Plaintiff has since filed an Opposition to the Notice of Removal on October 25, 2010
4 (ECF No. 6) and Defendants filed a Response to Plaintiff's Objections (ECF No. 7).
5 Plaintiff's Opposition to the Notice of Removal is now before the Court.

6 **I.     REMOVAL TO FEDERAL COURT WAS PROPER**

7 Plaintiff filed an Opposition to the Notice of Removal, contending that removal of his
8 state law claims was improper, and that the removal should be denied as it previously had
9 been. (Opp'n, ECF No. 6 at 4.) Plaintiff filed his Complaint in California state court on July
10 14, 2008. (Notice of Removal at 1)  A copy of the Complaint was served on Defendants
11 on February 26, 2009. (Id. at 2.) Defendants originally removed the case to federal court
12 on March 30, 2009, but it was later remanded back to state court. (Id.)  After Defendants'
13 demurrer was granted and the decision was upheld on appeal, Defendants again removed
14 this case to federal court.  (Id.)

15 The Complaint and other documents filed in this reflect that subject matter
16 jurisdiction exists in federal court because Plaintiff alleges violation of his federal
17 constitutional rights.  28 U.S.C. §§ 1441, 1442.  A defendant may remove any civil action
18 brought in state court over which the federal court would have original jurisdiction.  28
19 U.S.C. § 1441(a).  That is, a civil action that could have originally been brought in federal
20 court may be removed from state to federal court.  A federal court has original jurisdiction
21 "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28
22 U.S.C. § 1331.

23 Plaintiff does not directly allege federal constitutional violations in his Complaint, but
24 in later documents filed in his action it is clear that his claims arise under and allege
25 violation of the federal constitution.  (Notice of Removal at 2.)   Thus, subject matter
26 jurisdiction is proper in federal court.. Plaintiff appears to be making claims under the
27 Equal Protection Clause of the Fourteenth Amendment, to allege inhumane prison
28 conditions in violation of the Eighth Amendment, and to claim retaliation in violation of the

First Amendment. (Id. at Ex. A.) , Defendants removed the action from state court within 30 days of receiving notice that the case had become removable. 28 U.S.C. § 1446(b). As this case was properly removed to federal court, Plaintiff's Opposition to Defendants' Notice of Removal should be denied.

## V.     FINDINGS AND RECOMMENDATIONS

Accordingly, the undersigned hereby RECOMMENDS that Plaintiff's Opposition to Defendants' Notice of Removal (ECF No. 6.) be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Not later than fourteen days of entry of this Order, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     January 16, 2012             /s/ *Michael J. Seng*
ci4d6                                   UNITED STATES MAGISTRATE JUDGE