# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL C. HAMILTON, | CASE NO.   1:10-cv-01925-LJO-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | (ECF NO. 1) |
| J.A. YATES, et al., | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| Defendants. | |

Plaintiff Paul C. Hamilton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. §1983.

Plaintiff initiated this action on July 14, 2008 in Fresno County Superior Court. (Notice of Removal, ECF No. 1.) Defendants Yates, Mattingly, Trimble, and Spearman were served on February 26, 2009. (Id. at 2.) On March 30, 2009, Defendants removed the action to this Court which in turn remanded back to state court. (Id.) In state court, Defendants filed a demurrer to which Plaintiff filed opposition stating that he was bringing a claim under the United States Constitution. (Id.) The state court found that Plaintiff was judicially estopped from asserting claims under 42 U.S.C. § 1983 and Plaintiff sought review at the Fifth District Court of Appeal. (Id.) The Fifth District Court of Appeal determined that Plaintiff's statements during the removal proceedings were ambiguous and that he was essentially asserting a claim under section 1983. (Id.) Defendants then removed this action again to this Court. (Id.) Plaintiff filed another motion to remand that

1 was denied. (ECF Nos. 6, 7, 11, & 15.)

2     Plaintiff's Complaint is now before the Court for screening. (Compl., ECF No. 1 at
3 Ex. A.) The Court finds that Plaintiff's Complaint fails to state a claim. Plaintiff will be given
4 leave to amend.

5 **I.**     **SCREENING REQUIREMENT**

6     The Court is required to screen complaints brought by prisoners seeking relief
7 against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
8 § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has
9 raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which
10 relief may be granted, or that seek monetary relief from a defendant who is immune from
11 such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion
12 thereof, that may have been paid, the court shall dismiss the case at any time if the court
13 determines that ... the action or appeal ... fails to state a claim upon which relief may be
14 granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

15     Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges,
16 or immunities secured by the Constitution and laws' of the United States." Wilder v.
17 Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983
18 is not itself a source of substantive rights, but merely provides a method for vindicating
19 federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

20 **II.**     **SUMMARY OF COMPLAINT**

21     Plaintiff is currently incarcerated at Pleasant Valley State Prison ("PVSP"), where
22 the events alleged in his Complaint occurred. Plaintiff alleges that the following individuals
23 violated his rights under the First, Eighth, and Fourteenth Amendments: 1) J.A. Yates,
24 warden, 2) J. Mattingly, assistant warden, 3) R. H. Trimble, assistant warden, and 4) M.E.
25 Spearman, assistant warden.

26     Plaintiff seeks $15,000,000 in compensatory and punitive damages. (Compl. at 14.)
27 He also asks that Defendants stop engaging in their harmful conduct and for a jury trial.
28 (Id. at 15.)

Plaintiff allegations are as follows:

A riot between Hispanic and Black inmates occurred at PVSP's C Facility in May 2007. (Compl. at 7.) On June 2, 2007, Defendant Mattingly ordered that all black inmates and a portion of Hispanic inmates be placed on lock-down. (Id.) Defendants used race to determine who to punish instead of identifying rioters from surveillance tapes. (Id. at 8.) On June 3, 2007, Plaintiff filed a grievance about only a portion of the Hispanic inmates being placed on lock-down. (Id. at 8.) Plaintiff's grievance was denied on the first level by Defendant Spearman and at the second level by Defendant Trimble. (Id. at 9.) Plaintiff notified Defendant Yates about the situation but he did not respond. (Id. at 8.)

Plaintiff was also denied the ability to exercise outdoors for over five months. (Compl. at 8, 14.)

Plaintiff was also subject to inhumane conditions at PVSP. (Compl. at 10.) On June 30, 2007, he submitted a grievance about feces and urine odors in his cell and asked that he be assigned to a different cell. (Id.) Defendants Mattingly and Spearman reviewed the grievance and it was denied at all levels. (Id. at 10, 13.)

In July 2007, Plaintiff was placed on lock-down with other black inmates even though he was classified as an "other" for programming purposes. (Compl. at 11.) Plaintiff was classified as black even though he is African Bahamian. (Id. at 9.) Plaintiff filed a grievance. (Id. at 12.) Defendant Spearman and Lieutenant Dickenson denied the grievance because it was duplicative, and it did not reach the third level of review. (Id.) All of the Defendants denied Plaintiff's request with a "culpable state of mind," even though the requested relief was warranted. (Id.)

III. **ANALYSIS**

A. **Section 1983 Claims**

To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243,

1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

### B.     Federal Rule of Civil Procedure 18(a)

Fed. R. Civ. P. 18(a) states that "[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

The fact that claims are premised on the same type of constitutional violation(s) (i.e. deliberate indifference) against multiple defendants does not make them factually related. Claims are related where they are based on the same precipitating event, or a series of related events caused by the same precipitating event.

Plaintiff's Complaint appears to contain unrelated claims in violation of Rule 18. Plaintiff himself has identified two distinct groupings of unrelated claims: He raises claims related to his grievances and a claim related to improper conditions of confinement.

The Court will review and discuss all of Plaintiff's claims and the law applicable to each so that Plaintiff might evaluate which one, if any, he feels may be and should be pursued here and which one if any, may be and should be pursued in a different action.[1]

### C.     First Amendment - Retaliation

Plaintiff apparently is claiming that Defendants Mattingly, Trimble, and Spearman committed "reprisals" against him by denying his grievances.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff has not described actions that could be considered adverse. He has alleged only that his grievances were denied. He does not explain why these denials should be considered adverse actions under the retaliation standard. Plaintiff has not satisfied this prong.

The second element of a prisoner retaliation claim focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").

---

[1] Plaintiff is reminded that filing an action based on claims that are not cognizable and/or frivolous may adversely affect his ability to file actions in forma pauperis in the future. 28 U.S.C. § 1915(g).

Plaintiff has not made any allegations, circumstantial or otherwise, that would suggest that Defendants Mattingly, Trimble, and Spearman's actions were tied to his protected conduct. Plaintiff suggests that Defendants retaliated for his filing grievances by denying his grievances. Plaintiff has failed to satisfy this second prerequisite of a retaliation claim.

Filing a grievance is protected action under the First Amendment. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). Pursuing a civil rights legal action is also protected under the First Amendment. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). Plaintiff has alleged that he was engaged in conduct that was protected under the First Amendment. He has alleged that he filed various grievances at PVSP. Plaintiff has alleged sufficient facts to satisfy this third prong.

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity...." Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300). Plaintiff does not explain how Defendants Mattingly, Trimble, and Spearman's actions chilled him or would have chilled someone from engaging in protected conduct. Plaintiff has not satisfied the fourth prerequisite.

With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532. Plaintiff has not alleged facts indicating that Defendants Mattingly, Trimble, and Spearman's actions did not advance legitimate penological goals. Plaintiff has failed to satisfy this prong.

Because Plaintiff has failed to allege sufficient facts to satisfy all five prongs of his retaliation claim, the Court finds that he has failed to state a claim upon which relief could be granted. Plaintiff will be given leave to amend this claim if he believes he can do so and

assert a non-frivolous claim for retaliation based upon something more than what is described in his Complaint. If he chooses to do so, he must show how all five prerequisites to a retaliation claim can be met based upon such negligible activity by prison officials.

### D. Fourteenth Amendment - Due Process

Plaintiff also appears to wish to allege a due process claim under the Fourteenth Amendment against Defendants Mattingly, Trimble, and Spearman arising from the denial of his grievances.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

In Mann v. Adams, 855 F.2d 639 (9th Cir. 1988), the Ninth Circuit held that a prisoner does not have a claim of entitlement to a grievance procedure. 855 F.2d at 640. This was reiterated in Ramirez v. Galarza, 334 F.3d 850 (9th Cir. 2003), when the Ninth Circuit observed that inmates do not have a separate constitutional entitlement to a grievance procedure. Thus, the case law is clear that Plaintiff is not entitled, as a matter of federal law, to a particular grievance procedure. Plaintiff will not be given leave to amend this claim.

### E. Fourteenth Amendment - Equal Protection

Plaintiff alleges that his rights under the Equal Protection Clause have been violated because he was denied access to the courts as a result of Defendants' actions.

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. The

first method requires a plaintiff to show that the defendant has intentionally discriminated against the plaintiff on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). Under this theory of equal protection, the plaintiff must show that the defendant's actions were a result of the plaintiff's membership in a suspect class, such as race, religion, or alienage. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005). Here, Plaintiff does not allege that he was part of a protected class. He instead alleges that he was wrongly classified as part of a protected class and discriminated against as a wrongly identified member of this class. It is unclear if Plaintiff is able to state a claim under this theory. Plaintiff should review the standard set forth above before filing his amended complaint and determine whether he can allege a cognizable equal protection claim. If Plaintiff does not wish to make an equal protection claim based on his membership in a suspect class, he should review the standard set forth below.

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

Plaintiff has not alleged facts to satisfy any of these three factors. He should review this standard before filing an amended complaint, determine which theory of an equal protection claim best applies to him, and then set forth his facts so that the Court may determine if he has a cognizable equal protection claim under either theory.

**F.     Eighth Amendment - Conditions of Confinement**

Plaintiff makes a general allegation that he suffered in prison due to being placed in lock-down, denied the ability to exercise outside, and placed in a cell near an area that smelled of urine and feces.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. See Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious...." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)); Johnson v. Lewis, 217 F.3d 726, 734 (9th Cir. 2000). A deprivation is sufficiently serious when the prison official's act or omission results "in the denial of the minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Second, the plaintiff must make a subjective showing that the prison official knew of and disregarded an excessive risk to an inmate's health or safety. Id. at 837; Johnson, 217 F.3d at 734. Delays in providing showers and medical attention for inmates suffering from harmful effects of pepper spray may violate the Eighth Amendment. Clement v. Gomez, 298 F.3d 898, 905-06 (9th Cir. 2002).

Plaintiff has not met either requirement for an Eighth Amendment conditions of confinement claim. He simply alleges broadly that his Eighth Amendment rights were violated by unspecified individual actions taken by individual Defendants. Plaintiff has failed to state an Eighth Amendment claim against the Defendants. Plaintiff should review the

standards set forth above prior to filing an amended complaint and determine whether he believes he can state a cognizable Eighth Amendment claim against any of the Defendants.

### G.  Supervisory Liability

Finally, Plaintiff has not stated a claim against Defendant Yates, because it appears that Plaintiff is bringing these claims against Defendant Yates in his supervisory capacity.

Under section 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer.  Iqbal, 129 S. Ct. at 1949.  "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948.  Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights.  Id. at 1948–49.

Plaintiff has not alleged facts demonstrating that Defendant Yates was aware of the alleged injustice faced by Plaintiff.  He simply states the conclusion that Defendant Yates was made aware of hardships to which Plaintiff was subject, but does not set forth facts from which the Court could conclude that Yates was indeed made aware or otherwise should have known.  Plaintiff has not alleged that Defendant Yates personally acted to violate his rights. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies and undertaking specifically to link Defendant Yates to a violation of his rights.

### IV.  **CONCLUSION AND ORDER**

Plaintiff's Complaint fails to state a claim upon which relief may be granted under § 1983. The Court will provide Plaintiff with the opportunity to amend to cure the deficiencies in his claim. Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, S. Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's Complaint, filed July 14, 2008, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   June 29, 2012                     /s/ *Michael J. Seng*
                                           UNITED STATES MAGISTRATE JUDGE