# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL C. HAMILTON,<br>          Plaintiff,<br>    v.<br>J.A. YATES, et al.,<br>          Defendants.        / | CASE NO.   1:10-cv-1925-LJO-MJS (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR AN ENTRY OF DEFAULT<br><br>(ECF No. 16) |

Plaintiff Paul C. Hamilton ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on July 14, 2008 in Fresno County Superior Court. (Notice of Removal, ECF No. 1.) Defendants Yates, Mattingly, Trimble, and Spearman were served on February 26, 2009. (Id. at 2.) On March 30, 2009, Defendants removed the Complaint to this Court, but the action was then remanded back to state court. (Id.) In state court, Defendants filed a demurrer and in Plaintiff's opposition he stated that he was bringing a claim under the United States Constitution. (Id.) The state court found that Plaintiff was judicially estopped from asserting claims under 42 U.S.C. § 1983 and Plaintiff sought review at the Fifth District Court of Appeal. (Id.) The Fifth District Court of Appeal determined that Plaintiff's statements during the removal proceedings were ambagious and that he was essentially asserting a claim under § 1983. (Id.) Defendants then removed this action again to this Court. (Id.) Plaintiff filed another motion to remand, but it was denied. (ECF Nos. 6, 7, 11, & 15.)

On June 7, 2012, Plaintiff filed a motion, requesting that the Court enter an order

of default judgment against Defendants. (Mot., ECF No. 16.) Defendants have filed an opposition. (ECF No. 17.) Plaintiff's motion is now ready for ruling.

The Court screened Plaintiff's Complaint on June 29, 2012, and dismissed it for failure to state a claim but gave leave to amend. (ECF No. 18.) Plaintiff filed a First Amended Complaint on July 18, 2012. (ECF No.19.) The Court has yet to screen Plaintiff's First Amended Complaint.

As Plaintiff was informed in the New Case Documents issued by the Court on October 15, 2010 (ECF No. 3), the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Because of its large caseload of prisoner actions, the Court has yet to screen Plaintiff's First Amended Complaint.

The Court will screen Plaintiff's First Amended Complaint in due course. Defendants are required to answer or otherwise defend against Plaintiff's First Amended Complaint only after the Court has determined that it contains cognizable claims for relief against the named Defendants. (ECF No. 10.) The default provisions of Fed. R. Civ. P. 55(a) are not implicated until after the Court has screened Plaintiff's First Amendment Complaint, found cognizable claims, ordered Defendants to respond and Defendants fail to plead or otherwise defend themselves against Plaintiff's claims.

Accordingly, Plaintiff's motion for default judgment (ECF No. 16) is DENIED.

IT IS SO ORDERED.

Dated:   August 20, 2012                    /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE