UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL C. HAMILTON, | Case No.: 1:10-cv-1925-LJO-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS FOR DENIAL OF DEFENDANT HARRINGTON'S MOTION TO DISMISS |
| v. | (ECF No. 25) |
| J. A. YATES, et al., | |
| Defendants. | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff Paul C. Hamilton ("Plaintiff") is a prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

The Court screened Plaintiff's First Amended Complaint (Am. Compl., ECF No. 19) and found that it stated a cognizable claim against Defendants Mattingly, Trimble, Spearman, and Yates for inadequate conditions of confinement under the Eighth Amendment of the United States Constitution (ECF No. 21). Plaintiff's other claim was dismissed. (ECF Nos. 23, 24.)

Defendants Mattingly, Trimble, Spearman, and Yates filed a motion to dismiss Plaintiff's First Amended Complaint on December 10, 2012 under Federal Rule of Civil

Procedure 12(b)(6) for Plaintiff's failure to state a claim upon which relief can be granted. (Defs.' Mot., ECF No. 25.)  Plaintiff filed an opposition.  (Pl.'s Opp'n, ECF No. 26.) Defendants filed a reply.  (Defs.' Reply, ECF No. 29.)

Pursuant to Local Rule 230(*l*), Defendants Mattingly, Trimble, Spearman, and Yates's motion is now ready for ruling.

## I. LEGAL STANDARD

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint," Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), which must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ," Fed. R. Civ. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678-679; Moss, 572 F.3d at 969.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

## II. PLAINTIFF'S CLAIMS

Plaintiff allegations are as follows:

A riot between Hispanic and Black inmates occurred at PVSP's C Facility in May 2007. (Am. Compl. at 5.)  On June 2, 2007, Defendant Mattingly ordered that all Black inmates and a portion of Hispanic inmates be placed on lock-down. (Id.)  Plaintiff was also placed on lock-down, even though he is not Black.  (Id.)  Plaintiff has black skin, but is classified as an "other".  (Id.)  Defendant Mattingly used this opportunity to punish Black inmates, even those who were not involved.  (Id.)

2

The lock-down lasted approximately five months and during this time period Plaintiff was not able to exercise outdoors. (Am. Compl. at 5.) Defendants Mattingly, Trimble, Spearman, and Yates were aware of the lock-down and that prisoners were being denied outdoor exercise. (Id. at 6.) Defendants Spearman and Yates were informed of the situation either by grievances or letters, and ignored Plaintiff's requests for assistance. (Id.) Defendant Spearman reviewed Plaintiff's grievance regarding the lockdown on July 25, 2007, and partially granted it. (Id. at 25.) Defendant Yates reviewed Plaintiff's grievance regarding the lockdown on September 17, 2007, and denied it. (Id. at 28.) Plaintiff suffered from a mild stroke because of the lack of outdoor exercise. (Id.)

### III. MOTION TO DISMISS ARGUMENTS

#### A. Defendants' Motion

Defendants Yates, Mattingly, Trimble and Spearman argue that Plaintiff's First Amended Complaint should be dismissed because he failed to state a claim under 42 U.S.C. § 1983. Defendants raise three arguments as to how Plaintiff has failed to state a claim.

Defendants Spearman and Trimble argue that the claims against them fail to state a claim because Plaintiff's allegations against them are premised on their review of Plaintiff's grievance regarding the lockdown and lack of outdoor exercise. (Defs.' Mot. at 5-8.) Their review of Plaintiff's grievance does not create a basis for a claim because prisoners are not entitled to any specific grievance procedure. (Id. at 5-6.) These defendants were not responsible for administering the lockdown or exercise program or the management of the program in general. (Id. at 6.)

All of the defendants argue that Plaintiff has failed to adequately allege a required element of an Eighth Amendment claim for improper conditions of confinement. (Defs.' Mot. 7-10.) In order to state a cognizable Eighth Amendment conditions of confinement claim, Plaintiff is required to allege that defendants were deliberately indifferent to a serious deprivation. (Id. at 7-8.) Defendants argue that Plaintiff has failed to allege sufficient facts to establish they were deliberately indifferent to any deprivation from which he suffered. (Id. at 7-8.) The lockdown at issue was instituted after a prison riot, and prison officials are given

1  broad discretion in determining whether a lockdown is required. (Id. at 8.)  The lockdown
2  that affected Plaintiff was necessary because the defendants could not determine which
3  inmates posed a threat to prison security. (Id. at 9.) Their actions were not unconstitutional.
4  (Id. at 10.)

5        Lastly, all of the defendants argue that Plaintiff's claims against them should be
6  dismissed because they are entitled to qualified immunity. (Defs.' Mot. at 10.) Defendants
7  allege that that at the time of the incident, there was no bright-line rule that established that
8  the lockdown to which Plaintiff was subject was unconstitutional. (Id. at 12.) As a result,
9  defendants should be entitled to qualified immunity. (Id.)

10       B. Plaintiff's Opposition

11       Plaintiff raises several arguments in opposition to defendants' motion.

12       Plaintiff argues that deference should be given to the Court's screening order in which
13 the Court found that Plaintiff had stated a cognizable claim. (Pl.'s Opp'n at 3.) In addition, a
14 number of Ninth Circuit cases have found that inmate denial of outdoor exercise for a
15 significant amount of time is sufficient for a cognizable Eighth Amendment claim. (Id. at 4.)
16 Defendants have all been adequately linked to Plaintiff's Eighth Amendment claim: 1)
17 Defendant Mattingly ordered the lockdown, 2) Defendant Spearman was made aware of the
18 deprivation when he reviewed Plaintiff's grievance during the lockdown and failed to relieve
19 it, 3) Defendant Yates also was made aware of the situation (by Plaintiff), but he too refused
20 to take action to provide relief,  and 4) Defendant Trimble similarly failed to intervene after
21 having reviewed Plaintiff's grievance regarding the lack of outdoor exercise. (Id.) Though, as
22 Defendants argue, a lockdown is permissible under the Eighth Amendment in an emergency
23 situation, the ruling relied upon related to lockdown of an inmate who, unlike Plaintiff,
24 attacked other individuals and posed an actual security risk. (Id. at 6.) Finally, Plaintiff
25 argues that qualified immunity does not exist for defendants' acts because Plaintiff's right to
26 outdoor exercise was clearly established at the time of the incident. (Pl.'s Opp'n at 7-8.)
27 ///
28 ///

### C. Defendants' Reply

In their reply, defendants again reiterate that Plaintiff's allegations against Defendants Spearman and Trimble do not state a claim because inmates do not have a right to a specific grievance procedure. (Defs.' Reply at 2.) Defendants Spearman and Trimble were not aware of the specific danger the lockdown posed to Plaintiff and therefore could not be deliberately indifferent to the danger. (Id. at 4.) Lastly, defendants again argue they are entitled to qualified immunity. (Id. at 4-5.)

## IV. ANALYSIS

As noted, to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555); Moss, 572 F.3d at 969. It is that very standard which the Court applies in screening a pro se prisoner complaint to determine, prior to allowing it to be served, whether it states a cognizable claim. Indeed, it was that very standard which this Court applied in evaluating Plaintiff's First Amended Complaint, and it was that review which lead to the Court's conclusion that Plaintiff First Amended Complaint did state cognizable claims, i.e., the Court found that Plaintiff made claims which, when taken as true for pleading purposes, would survive a Rule 12(b)(6) motion.

Nothing has since changed.

Nevertheless, defendants argue that the very pleading which this Court found stated a cognizable claim does not state a cognizable claim and should be dismissed pursuant to Rule 12(b)(6). The Court would prefer not to have to duplicate its efforts and explain again why it reached the conclusions it did on screening, but the present motion to dismiss effectively asks it to do so. Accordingly, the Court will here address the substantive issues presented by the pleading while, at the same time, inviting defendants to refocus their energies and the Court's attention on a proceeding, such as a motion for summary judgment, where something new can be submitted and considered.

///

A. Grievances

Defendants Spearman and Trimble's argue that Plaintiff cannot base an Eighth Amendment claim on their review of Plaintiff's grievances. That is not the issue, nor is it the Court's finding in its screening order. Defendants Spearman and Trimble remain in the case because Plaintiff's first amended complaint alleges they were aware of Plaintiff's excessively long confinement without exercise, they could have taken action to correct it or see that it was corrected, and they knowingly failed to take such action. Plaintiff's claim against them is premised on their failure to correct an Eighth Amendment violation after they were notified of it via Plaintiff's grievance.

Plaintiff has also specifically alleged that Defendants Spearman and Trimble's responses to his inmate appeals amounted to refusals to provide him with outdoor exercise time. (Id.) If Plaintiff proves these allegations to be true, he has a reasonable opportunity to prevail on the merits of this action. See Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) (prison officials can be liable for a prisoner's injuries stemming from unsafe conditions of confinement if the officials acted with "deliberate indifference to a substantial risk of serious harm"); see also Uriarte v. Schwarzenegger, No. 06-cv-1558–MMA-WMC, 2011 WL 4945232, at *6 (S.D.Cal. Oct. 18, 2011) ("[A] plaintiff may establish liability on the part of defendants involved in the administrative grievance process under the Eighth Amendment by alleging that his appeal put the defendants on notice that he had a serious medical need that was not being met, and that their denial therefore constituted deliberate indifference."); Kunkel v. Dill, No. 1:09–cv–00686–LJO–SKO-PC, 2010 WL 3718942, at *1 (E.D.Cal. Sept. 15, 2010) ("Plaintiff, here, has alleged sufficient facts that plausibly support the conclusion that Defendant Pfeiffer, despite having no medical training, was aware that the denial of Plaintiff's administrative appeal requesting medical treatment exposed Plaintiff to an excessive risk of harm."); Herrera v. Hall, No. 1:08–cv–01882–LJO–SKO PC, 2010 WL 2791586, at *4 (E.D.Cal. July 14, 2010) ("[I]f there is an ongoing constitutional violation and the appeals coordinator had the authority and opportunity to prevent the ongoing violation, a

plaintiff may be able to establish liability by alleging that the appeals coordinator knew about an impending violation and failed to prevent it.").

In short, Plaintiff can bring an Eighth Amendment claim against prison officials based on their review of Plaintiff's grievance if they fail to relieve an unconstitutional condition within their power to correct after being made aware of it via Plaintiff's grievance.

A.  Failure to State a Claim

Defendants all argue that Plaintiff has failed to sufficiently allege that defendants were deliberately indifferent to any serious threat to Plaintiff's safety.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. See Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost, 152 F.3d at 1128. "Deprivation of outdoor exercise violates the Eighth Amendment rights of inmates confined to continuous and long-term segregation." Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (citing Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979)), amended by 135 F.3d 1318 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious. . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)); Johnson v. Lewis, 217 F.3d 726, 734 (9th Cir. 2000). A deprivation is sufficiently serious when the prison official's act or omission results "in the denial of the minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Second, the plaintiff must make a subjective showing that the prison official knew of and disregarded an excessive risk to an inmate's health or safety. Id. at 837;

Johnson, 217 F.3d at 734.  Delays in providing showers and medical attention for inmates suffering from harmful effects of pepper spray may violate the Eighth Amendment.  Clement v. Gomez, 298 F.3d 898, 905-06 (9th Cir. 2002).

As the Court previously found, Plaintiff has alleged that he was deprived of outdoor exercise for five months, that defendants were aware of this deprivation, and that Plaintiff suffered a mild stroke as a result of the deprivation.  Such allegations, taken as true at this stage of the proceedings, sufficiently allege an excessive risk of serious harm that was known to defendants and caused injury to Plaintiff.

### B. Qualified Immunity

The Court has determined that Plaintiff's allegations, when liberally construed, allege a violation of the constitutional right to be free from cruel and unusual punishment.  Defendants posit that the Court must determine whether an inmate has a clearly established right not to be placed on a lockdown when violence threatens the institution.  This is not so.  The Court must determine whether Plaintiff has a clearly established right not to be deprived of all exercise opportunity for a period of five months.  It is clearly established that outdoor exercise is a basic human necessity protected by the Eighth Amendment, which prohibits depriving inmates of outdoor exercise for extended periods of time.  See LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993); see, e.g., Pierce v. County of Orange, 526 F.3d 1190, 1212 (9th. Cir. 2008) (90 minutes of exercise per week is insufficient).  Defendants could not have reasonably believed that they could, without justification, deprive him of outdoor exercise for months at a time.  As these are the facts alleged in the First Amended Complaint, and such facts must be taken as true and liberally construed in Plaintiff's favor, defendants are not entitled to dismissal of the claims based upon qualified immunity.

### V. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendants Mattingly, Trimble, Spearman, and Yates's motion to dismiss (ECF No. 25) be denied.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within

fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 26, 2013            /s/ *Michael J. Seng*
                                                          UNITED STATES MAGISTRATE JUDGE