UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL C. HAMILTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J.A. YATES, et al.,<br><br>　　　　Defendants. | Case No. 1:10-cv-1925-AWI-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>**(ECF No. 50)**<br><br>**FOURTEEN DAY OBJECTION DEADLINE** |

**I.　PROCEDURAL HISTORY**

Plaintiff Paul C. Hamilton, a state prisoner proceeding pro se and in forma pauperis, initially filed this action in the Fresno County Superior Court on July 14, 2008. (ECF No. 1.) After it became apparent that Plaintiff was proceeding on civil rights claims brought pursuant to 42 U.S.C. § 1983, the action was removed to this Court. (ECF Nos. 1, 11, 15.) This matter proceeds against Defendants Mattingly, Trimble, Spearman and Yates on Plaintiff's Eighth Amendment conditions of confinement claim. (ECF Nos. 23, 24.)

On October 3, 2013, the Court issued a discovery and scheduling order, setting an August 14, 2014 deadline for filing dispositive motions. (ECF No. 44.) Defendants sought and were granted an extension of time to September 22, 2014. (ECF Nos. 48,

49.)

Before the Court is Plaintiff's August 12, 2014 motion for judgment on the pleadings. (ECF No. 50.) Defendants opposed the motion (ECF No. 51) and Plaintiff filed a reply (ECF No. 52). Although Plaintiff requested a hearing on his motion, the matter is deemed submitted pursuant to Local Rule 230(*l*).

## II.   LEGAL STANDARDS

### A.   Judgment on the Pleadings

A motion for judgment on the pleadings is a means to challenge the sufficiency of the opposing party's pleading and provides a vehicle for summary adjudication on the merits after the pleadings are closed. Fed. R. Civ. P. 12(c); Alexander v. City of Chicago, 994 F.2d 333, 336 (7th Cir. 1993). The pleadings are closed when all required pleadings have been served and filed. Norcal Gold, Inc. v. Laubly, 543 F. Supp. 2d 1132, 1135 (E.D. Cal. 2008).

The court applies the same standard as on 12(b)(6) motion for failure to state a claim upon which relief can be granted. Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 n.4 (9th Cir. 2011).

A plaintiff may bring the motion if the answer fails to controvert material facts alleged in the complaint. "A plaintiff is not entitled to judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery. Similarly, if the defendant raises an affirmative defense in his answer it will usually bar judgment on the pleadings." General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989).

If matters outside the pleadings are presented the motion for judgment on the pleadings is converted to a Rule 56 summary judgment motion. Fed. R. Civ. P. 12(d); Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989).

### B.   Summary Judgment

Any party may move for summary judgment, and the Court shall grant summary

1 judgment if the movant shows that there is no genuine dispute as to any material fact
2 and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); <u>Wash.
3 Mut. Inc. v. United States</u>, 636 F.3d 1207, 1216 (9th Cir. 2011).

**III.    ANALYSIS**

Plaintiff argues that he is entitled to judgment because the deadline for filing dispositive motions has passed and no such motion was filed by Defendants. (ECF No. 50 at 4-5.) According to Plaintiff, Defendants therefore have failed to defend this action. Although Plaintiff's motion is styled as a motion for judgment on the pleadings, he also appears to seek summary judgment on the same ground. Defendants argue that Plaintiff has not asserted a sufficient basis for judgment on the pleadings since Defendants' answer controverted the facts alleged in Plaintiff's complaint. (ECF No. 51.)

Plaintiff has not established that Defendants' answer fails to controvert facts alleged in the complaint. Plaintiff argues only that the denials in Defendants' answer are simple, vague, conclusory, and "just enough to deny their wrongs." (ECF No. 52.) However, at the pleading stage, Defendants need only raise questions of material fact or present affirmative defenses; they are not yet required to prove their case. <u>General Conference Corp. of Seventh-Day Adventists</u>, 887 F.2d at 230. Plaintiff is not entitled to judgment on the pleadings. Fed. R. Civ. P. 12(c).

Plaintiff also relies on Federal Rule of Civil Procedure 56(b) to support his argument that Defendants have failed to defend this action. That rule provides: "<u>Unless a different time is set by local rule or the court orders otherwise</u>, a party may file a motion for summary judgment at any time until 30 days after the close of discovery." (Emphasis added.) However, Rule 56(b) is inapplicable here, where the Court set August 14, 2014 as the deadline for filing dispositive motions in the discovery and scheduling order, and then extended that deadline to September 22, 2014. Plaintiff's motion for judgment was filed in advance of both of these deadlines.

Even if the deadline for filing dispositive motions had passed, Plaintiff would not be entitled to judgment. Nothing in Federal Rule of Civil Procedure 56 requires a party

3

to file a motion for summary judgment to preserve its ability to proceed with its case or defense. See Fed. R. Civ. P. 56(a) (providing that a party "may" move for summary judgment). Indeed, summary judgment is appropriate only if there is no disputed issue of material fact and the movant is entitled to judgment as a matter of law. Id. Where disputed issues of material fact exist, summary judgment is not available. If no summary judgment motion is filed, or a summary judgment motion is denied, the case will proceed to trial. The lack of a summary judgment motion on Defendants' part does not entitle Plaintiff to judgment.

## VI.   CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendant's motion for judgment on the pleadings (ECF No. 50) be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   September 16, 2014        /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE

4