UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL C. HAMILTON,<br><br>            Plaintiff,<br><br>      v.<br><br>J.A. YATES, et al.,<br><br>            Defendants. | Case No.  1:10-cv-1925-LJO-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION RE JUDGMENT,**<br><br>**DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION RE ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND**<br><br>**DENYING PLAINTIFF'S MOTION TO ALTER, AMEND, OR IN THE ALTERNATIVE, RECONSIDERATION**<br><br>**(ECF NOS. 68, 69, 73)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 1-2.) On September 22, 2015, judgment was entered for Defendants Mattingly, Trimble, Spearman and Yates on Plaintiff's Eighth Amendment conditions of confinement claim. (ECF No. 67.) This followed the undersigned's adoption, in full, of the magistrate judge's findings and recommendation to grant Defendants' motion for summary judgment. (ECF Nos. 64, 66.) Plaintiff has now filed three motions for reconsideration seeking relief from judgment pursuant to Federal Rule of Civil Procedure 59(e)(2). (ECF Nos. 68, 69, and 73.) For the reasons set forth here, Plaintiff's motions will be denied.

Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988); see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); accord School Dist. No. 1J v. AC & S, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Courts construing Rule 59(e) have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991). These holdings "reflect[ ] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F. Supp. at 1009.

In addition, Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence...; (3) fraud...of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied ... or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the ... court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009).

Further, Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why

the facts or circumstances were not shown at the time of the prior motion." E.D. Cal., Local Rule 230(j)(3)-(4).

Motions to reconsider are committed to the discretion of the trial court. <u>Combs v. Nick Garin Trucking</u>, 825 F.2d 437, 441 (D.C. Cir. 1987); <u>Rodgers v. Watt</u>, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. <u>See, e.g.</u>, <u>Kern-Tulare Water Dist. v. City of Bakersfield</u>, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Plaintiff proceeded in this action on his claim that his constitutional right to outdoor exercise was violated during a lockdown and a modified program following a riot. In granting summary judgment for Defendants, the Court explained that a deprivation of outdoor exercise is not a per se violation of the Eighth Amendment. Whether it is a violation depends on the specific facts of the deprivation. Following examination of the evidence and upon consideration of the parties' arguments, the Court held that there was no dispute that the Defendants were continuously, prudently, and successfully looking out for the safety and security of all prisoners and staff when placing and maintaining the C facility on lockdown and modified program. In light of Plaintiff's failure to present any admissible evidence countering Defendants' evidence that it was not safe to return Plaintiff to normal programming until September 2007, the Court found that Plaintiff failed to raise a triable issue of material fact.

In the instant motion, Plaintiff's primary contention is that the Court erred when it credited Defendants' "self-serving" evidence. But as set forth more fully in the magistrate judge's findings and recommendations, Plaintiff failed to submit any evidence creating a dispute of fact. For example, though Plaintiff challenged Defendants' findings as to the cause of the riot and the continued threat of violence, he admitted that he was not privy to staff's investigative results, the results of searches of the C Facility and inmates' cells, the interviews with other inmates, and any discussions between the leaders of the involved groups. Moreover, there was no evidence that

3

Plaintiff, beyond being a prisoner, had any qualifications enabling him to address safe and appropriate methods for a prison to respond to such a major disruption or the length of time it should take to ensure safety of staff and inmates after such an event. Lastly, even assuming that Plaintiff was improperly denied outdoor exercise during the modified program, Plaintiff had not raised a triable issue of fact as to whether he suffered adverse consequences as a result of post-riot prison conditions. Plaintiff's remaining arguments are identical to those raised in his opposition to Defendants' motion for summary judgment and previously considered by the Court.

Because Plaintiff has provided no evidence or circumstances that would satisfy the requirements of either Rule 59(e) or Rule 60(b), his motions for reconsideration must be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's October 7, 2015, motion for reconsideration (ECF No. 68) is DENIED;
2. Plaintiff's October 7, 2015, motion for reconsideration (ECF No. 69) is DENIED; and
3. Plaintiff's October 19, 2015, motion to alter, amend, or in the alternative, reconsideration (ECF No. 73) is DENIED.

IT IS SO ORDERED.

Dated:  **January 28, 2016**                /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE

4.